IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHELIA HIESTER | : | ELECTRONICALLY FILED |
| | : | |
| Plaintiff, | : | |
| | : | ERISA- NO JURY TRIAL REQUESTED |
| vs. | : | |
| | : | |
| LINCOLN NATIONAL LIFE INSURANCE | : | |
| COMPANY | : | |
| | : | |
| Defendant. | : | |

**CIVIL ACTION COMPLAINT**

Plaintiff, Shelia Hiester, by and through her attorney, THE LAW FIRM OF MARTIN

LLC, as and for her Complaint against Defendant Lincoln National Life Insurance Company

("Lincoln") hereby sets forth the following:

**PARTIES**

1.      At all times hereinafter mentioned, Plaintiff, SHELIA HIESTER, was and still is a

resident of the state of Pennsylvania.

2.       Lincoln's headquarters are located in the State of Indiana at 1300 South Clinton Street,

Fort Wayne, IN 46802.

**JURISDICTION**

3.      Jurisdiction of the Court is based upon 29 U.S.C. § 1132(e)(1) and 1132(f), which gives

the District Courts jurisdiction to hear civil actions brought to recover benefits due under the

terms of an employee welfare benefit plan. Jurisdiction is also founded on 28 U.S.C. § 1331

because this action arises under 29 U.S.C. § 1001 et.seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

4.      Venue in the Eastern District of Pennsylvania is appropriate because Defendant conducts business and is subject to personal jurisdiction in the judicial district and maintains contacts in the jurisdictional district sufficient to subject it to personal jurisdiction.

5.      Pursuant to 28 U.S.C. § 1391(a)(1) and § 1391(c), this action is properly venued in the Eastern District of Pennsylvania.

**FACTS**

6.      Plaintiff is a fifty-three-year-old individual born on August 22, 1969.

7.      At all times hereinafter mentioned, Plaintiff was an employee of AHOLD USA Inc. and at all times was a participant and/or beneficiary under a long-term disability ("LTD") income policy, hereinafter "Policy".

8.      Said Policy provided, among other things, that long-term disability insurance benefit payments will be made to Plaintiff in the event that she is Totally Disabled.  Totally Disabled is defined as follows: "During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform all of the Main Duties of his or her Own Occupation. After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform all of the Main Duties of any occupation which his or her training, education, experience, or physical or mental capacity will reasonably allow."

9.      Per the Policy, the "Own Occupation Period means a period beginning at the end of the Elimination Period and ending 12 months later for Insured Employees."

10.     The Policy's maximum pay date is five years.

11.     Plaintiff was hired on or around October 8, 2012.

12.     After being in a motor vehicle accident, Plaintiff's last day of work was May 19, 2018.

13.     Plaintiff suffers from numerous physical and mental conditions rendering her disabled per the terms of the Policy.

14.     Plaintiff underwent an L4-5 laminectomy, left L4-5 diskectomy, L405 interbody fusion with cage and BMP, L4-5 posterolateral fusion and pedicle screw fixation, all on May 29, 2019.

15.     Plaintiff has been diagnosed with nerve root compression from a herniation, as well as stenosis, disc displacement, and lumbar radiculopathy.

16.     Plaintiff suffers from back pain and bilateral leg pain due to all of these conditions, the severity of which are demonstrated by the surgical procedures.

17.     More recently, Plaintiff has suffered from severe pain and limitations in her left shoulder and an MRI confirmed severe tendinopathy and a tear, among other findings.

18.     Plaintiff suffers from cognitive limitations as well, as demonstrated by treatment notes. She experiences headaches and vertigo, as well as post-traumatic stress disorder ("PTSD"), anxiety, and depression.

19.     Plaintiff was awarded Social Security Disability in a Decision dated February 2, 2021, finding her disabled as of August 21, 2019.

20.     Defendant first denied Plaintiff's claim for short-term disability benefits twice, claiming that she could perform her own strenuous occupation as a bakery manager. Eventually, upon a second appeal, Defendant reversed its prior decision.

21.     Defendant subsequently approved her LTD benefits through her Own Occupation period which ended November 16, 2019, and denied ongoing benefits.

22.     Despite Plaintiff's continued disability, Defendant has denied ongoing long-term

disability benefits to Plaintiff and continues not to pay benefits pursuant to the Policy.

23.     Defendant's actions summarized above are willful and wrongful breaches of the Policy's

terms and conditions as well as of ERISA.

24.     Defendant's denial of Plaintiff's ongoing disability insurance benefits is unreasonable

and unsupported by substantial evidence and as such constitutes a breach of fiduciary duty.

25.     Defendant's unreasonable and unsupported denial of Plaintiff's LTD benefits is

evidenced, inter alia, by the number of procedural irregularities in its claim handling, including

but not limited to: the failure to consider the impact of Plaintiff's physical limitations on her

ability to perform the duties of her regular or any occupation; the refusal to consider Plaintiff's

credible subjective complaints about her inability to work; the failure to consider the side effects

of Plaintiff's medication; the reliance upon a selective review of medical records to reach a

result-oriented claim determination; the failure to utilize appropriately qualified and unbiased

medical personnel to reach decisions and/or render opinions on levels of impairment; the failure

to perform a fair and neutral evaluation of Plaintiff's medical condition and associated

restrictions and limitations; and other biased claims handling practices.


## COUNT I – FIRST CAUSE OF ACTION

### [FOR DECLARATORY RELIEF PURSUANT TO 29 U.S.C. § 1132(a)(1)(b)]

26.     Paragraphs 1 through 25 are incorporated herein by reference as if fully set forth at length.

27.     An actual controversy exists between Plaintiff and Defendant arising out of the events

alleged herein above. Plaintiff contends that Defendant has no legal basis for denying LTD

benefits, which have been wrongfully withheld.

28.     Plaintiff contends that the denial of LTD benefits is a breach of the Group Long Term Disability Plan; the practices of the Defendant should be estopped on the basis of equity; that the practices of Defendant are arbitrary and capricious; that the practices of Defendant fail to satisfy the minimum requirements of ERISA; and the practices of Defendant are barred as a matter of law.

29.     Plaintiff contends that Defendant denied her a "full and fair review" of all of her records submitted by failing to consider information directly related to her LTD claim, minimized and/or failed to review or consider the findings of her treatment providers, while simultaneously attaching greater weight to the findings of the Defendant's medical consultants.

30.     Plaintiff contends that the decision to deny LTD benefits and deny her appeal for benefits was wrongful, unreasonable, irrational, arbitrary and capricious, solely contrary to the evidence and contrary to the terms of the policy and the law and an abuse of discretion.

## COUNT II – SECOND CAUSE OF ACTION

**[FOR RECOVERY OF PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)]**

31.     Paragraphs 1 through 30 are incorporated herein by reference as if fully set forth at length.

32.     Defendant wrongfully denied LTD benefits based on an unfair, incomplete, arbitrary and capricious review of Plaintiff's medical records and information, and the insufficient and inaccurate reports of their own reviewers.

33.     Plaintiff contends that in denying LTD benefits, Defendant disregarded substantial evidence, including medical records and other medical reports.

34.     Under the terms of the Group LTD Plan, Defendant unreasonably breached its promise to provide Plaintiff with certain LTD benefits.  To date, Defendant has failed to honor this promise and continues to refuse to pay Plaintiff all benefits to which she is rightfully entitled.

35.     Plaintiff has satisfied and continues to satisfy all conditions precedent under the Group LTD Plans and is thus eligible to receive LTD benefits.

36.     Plaintiff has not waived or otherwise relinquished her entitlement to benefits under the Group LTD Plan.

37.     Plaintiff seeks reimbursement and compensation for any and all benefits she should have received.

38.     Defendant breached its obligations under ERISA to provide Plaintiff benefits even though her benefits are covered under the terms of the Group LTD Plan.

39.     As a direct and proximate result of the aforementioned conduct of the Defendant in failing to pay benefits to Plaintiff, she has been damaged in an amount equal to the amount of benefits to which she is entitled under the terms of the Group LTD Plan.

        **WHEREFORE**, Plaintiff prays for judgment as follows:

A.     On Count I:

   1.   A declaration that Plaintiff is disabled and entitled to the payment of benefits under the Group LTD Plan;

   2.   A declaration that Defendant is hereinafter estopped from wrongfully denying Plaintiff benefits under the Group LTD Plan without a legal basis to do so;

   3.   A declaration that Defendant is hereinafter estopped from denying Plaintiff benefits as a denial of such benefits is a breach of the Group LTD Plan.

4.  A declaration that Defendant is hereinafter estopped on the basis of equity from continuing to deny disability benefits wrongfully withheld from Plaintiff;

5.  A declaration that Defendant is hereinafter estopped from wrongfully denying benefits to Plaintiff contrary to clear, compelling and substantial medical and functional evidence.

6.  Plaintiff requests the payment of reasonable attorney fees, costs and interest.

7.  Plaintiff requests such other and further relief as the Court deems appropriate.

B.    On Count II:

1.  Plaintiff seeks a declaration of Plaintiff's right to benefits (past, present and future) under the terms of the Group LTD Plan;

2.  Payment of all past benefits due Plaintiff under the terms of the Plan, with an award of pre-judgment interest;

3.  Plaintiff requests the payment of reasonable attorney fees, costs and interest.

4.  Plaintiff requests such other and further relief as the Court deems appropriate.

By: *Zachary Lipschutz*

Zachary Lipschutz, Esq.
MARTIN LLC
1818 Market Street, 35th Floor
Philadelphia, PA 19103
(215) 587-8400
zlipschutz@paworkinjury.com
Attorney for Plaintiff

Date: November 10, 2022